JAMES HEALING COMPANY, A CORPORATION, PLAINTIFF-APPELLANT, v. GUSTAVE WALTER AND GERTA WALTER, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF G. WALTER MACHINE COMPANY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 4, 1950—Decided December 15, 1950.

Before Judges JACOBS, EASTWOOD and BIGELOW.

*Mr. Joseph Keane* argued the cause for the appellant (*Messrs. Milton, McNulty & Augelli,* attorneys).

*Mr. Jacob E. Max* argued the cause for the respondents (*Mr. Bernard Chazen,* on the brief).

The opinion of the court was delivered by

JACOBS, S. J. A. D.   The plaintiff appeals from a judgment of dismissal of its action against the defendants for breach of warranty, entered in the Hudson County District Court at the close of its case.

In September, 1948, the plaintiff's 90-foot lighter "Eugene Healing" developed difficulty with its reduction gear box and plaintiff communicated with the defendants who conduct a marine machine shop in Jersey City.   Under date of September 15, 1948, the defendants addressed a letter to the plaintiff which set forth that, relative to verbal discussions "regarding complete overhauling of reduction gear," the defendants are pleased to quote the price of $710 for the overhauling of the gear box consisting of one new pinion, one new gear, new ball bearings, new oil seals "and any other machine work required on other parts to bring this gear box into first class condition," it being understood that all parts will be made from the finest materials and according to approved practices for marine gearing.   The letter contained a separate paragraph which stated that "We guarantee this gear box unconditionally for one years service."

Pursuant to this letter, supplemented by another dated October 19, 1948, the reduction gear box, which is a unit within itself, was removed from the plaintiff's lighter and delivered to the defendants for overhauling.   Upon completion of their work the gear box was returned to the plaintiff and was installed in the lighter by Ira S. Bushey & Sons, Inc. The lighter was then put into operation and the gear box apparently functioned in normal fashion until April 21, 1949, when Captain Stanton, employed by the plaintiff, received a call that there was a broken bearing housing in the reduction gear box.   He ordered the lighter into Ira S. Bushey & Sons, Inc., Dry Dock, Brooklyn, New York, and notified the defendants.   He testified that the defendants told him that he

had better have the repair to the reduction gear box made by Ira S. Bushey & Sons, Inc., and he did so. Commander Hansen, an employee of Ira S. Bushey & Sons, Inc., testified that while the lighter was in dry dock he removed the cover of the reduction gear box and saw the broken bearing housing, and after the necessary repair was made the box was again installed in the lighter. In response to an inquiry from the District Court, Captain Stanton stated that he did not know why or in what manner the ball bearing housing was defective but that it must have been defective because it had broken. At the close of the plaintiff's case the defendants moved to dismiss on the ground that the plaintiff had failed to show in what respect the bearing housing was defective, and had failed to exclude other causes for breakage. The motion was granted and the plaintiff's appeal is from the ensuing judgment.

The plaintiff contends that the defendants' agreement embodied a warranty of proper performance for one year; on the other hand, the defendants contend that their agreement embodied a warranty of workmanship and materials for the stated period and nothing more. We accept the plaintiff's construction of the agreement. It was not simply a contract to make specified repairs in workmanlike fashion with proper material. It was a complete overhauling job with an undertaking to do such machine work on all parts as might be required to bring the gear box "into first class condition" and was accompanied by the express and unconditional guarantee "for one years service" upon which the plaintiff relied. It seems to us that the unconditional guarantee was intended to afford protection to the plaintiff in the event that within the stipulated period the reduction gear box failed in the performance contemplated by the parties. And where, as here, there was evidence from which it could reasonably be inferred that while the reduction gear box was functioning normally in the customary operation of the lighter it suddenly and without apparent cause failed with a broken bearing housing, the plaintiff was entitled to call upon the defendants for their defense without additional proof as to the particular defect

which caused the failure. *Cf. Industrial Sales Engineering Co. v. Agisim,* 7 *N. J. Misc.* 648, 650 (*Sup. Ct.* 1929), where the court expressed the view that "If there is a guarantee of performance and the thing does not perform, it is sufficient for the guaranteed party to show that in the first instance without being required to explain why it does not perform."

We have concluded that the motion to dismiss at the close of the plaintiff's case on the ground that the plaintiff had failed affirmatively to establish the particular defect which caused the breakdown or exclude the possibility of causes unrelated to the mechanism was ill-founded and the judgment entered below should be reversed.

Reversed and a new trial ordered, costs to abide the event thereof.